IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:12-CR-56-F

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| COREY LAMEEK EASON, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives. Defendant presented the testimony of the proposed third-party custodian, a friend of the family.[1] The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## Background

Defendant was charged in a one-count indictment on 10 April 2012 with possession of a firearm (*i.e.*, a .38 caliber revolver) and ammunition by a felon on 24 June 2011 in violation of 18 U.S.C. §§ 922(g)(1) and 924. The evidence presented at the hearing showed that the charges

---

[1] Defendant called as a witness another third-party custodian, but when she testified on direct that a four-year-old girl lived in her home, the court terminated the examination and ruled that this proposed custodial arrangement was unsuitable since defendant is a convicted sex offender, having been convicted on his plea of guilty to indecent liberties with a child (a girl) in 2006. He also has an earlier misdemeanor conviction for indecent exposure, apparently to the same victim.

arise from a search of defendant's residence on the alleged offense date. The subject pistol and ammunition were found in a bag in defendant's bedroom. Police searched defendant's residence as part of their investigation into an alleged robbery of an individual by defendant two days earlier. At the time of the search, defendant had been convicted of two felonies. Defendant was arrested and charged with possession of a firearm by a felon.

In a post-arrest statement, he admitted committing the robbery, which was for some marijuana, but denied using a pistol. The robbery victim, though, claimed that defendant had used a .38 caliber pistol. In addition, the victim's girlfriend (who is also the mother of defendant's child) stated that defendant had admitted to her that he had used the gun. He allegedly told her something to the following effect: "What does it matter how it went down? I stuck a gun to [the victim's] head and got what I wanted." Defendant subsequently pled guilty to felonious larceny from the person.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the gun-related nature of the offense charged; the circumstances of the offense charged, including its alleged commission by defendant within about six months after his release from a more-than-two-year term of imprisonment for a felonious firearm discharge conviction and while he was still on parole for that offense, and defendant's use of the subject firearm in the robbery, assuming the statements of the victim and his girlfriend are credited; defendant's criminal record, including the three felony convictions referenced (*i.e.*, indecent liberties in 2006, aiding and abetting the discharge of a weapon into occupied property in 2008, and larceny in 2011), four misdemeanor convictions for assault or

affray, the additional misdemeanor conviction for indecent exposure, one revocation of probation (in 2005), revocation in July 2011 of his parole (which began in February 2011) for the firearm discharge conviction, commission of the larceny conviction while on this period of parole, multiple additional violations of such parole, and the continuation of criminal conduct by defendant despite repeated incarcerations (between 2005 and the instant alleged offense in 2011 defendant served four periods of incarceration); the danger of continued gun-related offense conduct by defendant if released; the unsuitability of the proposed third-party custodial arrangement due to the absence of the proposed custodian from home on a regular basis for fulltime work (she works twelve–hour shifts four days at a time at a location at least half an hour away from her home) and the extent of the risk of danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, but finds that the factors favoring detention outweigh such evidence. Of particular significance is defendant's poor performance on his recent parole, a status analogous to pretrial release, including commission of the robbery during it and his continual offending despite incarceration. Given such repeated reoffense, the threat of incarceration for violation of the conditions of release would not appear to be for defendant a meaningful incentive to refrain from such violations.

The court recognizes that questions can reasonably be raised about the credibility of the statements of the robbery victim and his girlfriend regarding defendant's use of the pistol during the robbery because of her status as the mother of defendant's child and as the robbery victim's current girlfriend. Nevertheless, even if this evidence is disregarded, the location of the pistol in defendant's bedroom would appear sufficient to obtain a conviction based on a constructive possession theory.

Defendant emphasized that this is not a presumption case, the burden rests on the government to establish its case for detention by clear and convincing evidence, and defendant has no obligation to present a third-party custodian. All of these points are, of course, correct. Nevertheless, the government made a compelling showing that the risk of danger presented by defendant cannot reasonably be addressed by any conditions the court could impose. Defendant was not able to blunt this showing through either cross-examination of the government's witness, his own evidence, the vigorous advocacy of his counsel, or otherwise.

### Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 7th day of December 2012.

James E. Gates
United States Magistrate Judge